**SO ORDERED: December 6, 2018.**



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LISA MICHELLE SULLIVAN, | ) | Case No. 16-00073-JMC-13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LISA MICHELLE SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 18-50048 |
| | ) | |
| RONALD P. SULLIVAN and ALICIA M. ADCOCK, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS PROCEEDING comes before the Court on *Defendants' Motion to Dismiss* filed by Ronald P. Sullivan and Alicia M. Adcock ("Defendants") on May 23, 2018 (Docket No. 10) (the "Motion") which, pursuant to the *Order on Motion to Dismiss* entered by the Court on November 5, 2018 (Docket No. 21) (the "Order"), is being treated as a motion for summary judgment. The Court has reviewed and considered the Motion, the *Brief in Support of*

*Defendants Ronald P. Sullivan and Alicia M. Adcock's Motion to Dismiss* filed by Defendants on May 23, 2018 (Docket No. 11), *Plaintiff/Debtor's Response & Brief in Opposition to Defendants 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Damages in Core Adversary Proceeding* filed by Lisa Michelle Sullivan ("Debtor") on June 20, 2018 (Docket No. 17), *Defendants' Reply to Plaintiff/Debtor's Response to Defendants' 12(b)(6) Motion to Dismiss* filed on July 5, 2018 (Docket No. 20), and the *Complaint Seeking Damages in Core Adversary Proceeding* filed by Debtor on March 12, 2018 (Docket No. 1) (the "Complaint").  The Court has also reviewed its docket in Debtor's underlying chapter 13 bankruptcy case (the "Chapter 13 Case") and various motions and orders as described below.  The Court notes that Debtor did not take advantage of the opportunity given in the Order for Debtor to put before the Court, on or before December 5, 2018, any evidence that Debtor believes will demonstrate a material issue of fact to defeat the Motion.  The Court, having reviewed and considered all of the above and being otherwise duly advised, now GRANTS the Motion.

*Summary Judgment Standard*

Defendants move the Court to enter summary judgment in their favor and against Debtor pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

To obtain summary judgment, Defendants must show that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law.  Fed R. Civ. P. 56(a).  The burden rests on Defendants, as the moving parties, to demonstrate that there is an absence of evidence to support the case of Debtor, the nonmoving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).  After Defendants demonstrate the absence of a genuine issue for trial, the responsibility shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary

judgment. *Id*. at 324, 106 S.Ct. at 2553. If Debtor does not come forward with evidence that would reasonably permit the Court to find in her favor on a material issue of fact (and if the law is with Defendants), then the Court must enter summary judgment against Debtor. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12 (1986)).

*Background*

This adversary proceeding arises from an Indiana divorce (the "Divorce Proceeding") of Debtor and defendant Ronald P. Sullivan ("Former Husband"). The Divorce Proceeding was commenced pre-petition but "finalized" post-petition pursuant to an order of this Court described below. In this adversary proceeding, Debtor asserts that Defendants violated Bankruptcy Code § 1327 and the provisions of Debtor's confirmed chapter 13 plan (the "Plan") when "on February 21, 2018 [Defendants] tendered a Qualified Domestic Relations Order ("QDRO") to the State Court seeking to recover funds from the Debtor's 401(k) plan." (Complaint, ¶ 26.)

On August 20, 2015, Debtor commenced the Divorce Proceeding by filing a petition for dissolution of marriage in Hamilton Superior Court 1 (the "State Court"). On January 7, 2016 (the "Petition Date"), while the Divorce Proceeding was pending, Debtor commenced the Chapter 13 Case. Pursuant to Bankruptcy Code § 362(b)(2)(A)(iv), the commencement of the Chapter 13 Case stayed the Divorce Proceeding but only "to the extent that such [divorce] proceeding seeks to determine the division of property that is the property of the [Chapter 13 Case] estate".

On January 12, 2016, Debtor filed a *Motion for Relief from Stay* (Chapter 13 Case Docket No. 15) (the "First Stay Motion"). In the First Stay Motion, Debtor asked the Court to lift "the

automatic stay provisions of Section 362 of the United States Bankruptcy Code …" to allow "the Divorce [Proceeding] to proceed to final judgment … ." On January 27, 2016, the Court entered its order (Chapter 13 Case Docket No. 18) "provisionally" denying the First Stay Motion. That order noted:

> the automatic stay does not operate as a stay of the commencement or continuation of a civil action or proceeding for the dissolution of marriage ... except to the extent that such proceeding seeks to determine the division of property that is property of the estate. Until such time as the trustee abandons the property of the estate or the property of the estate is vested in the Debtor … , the trustee has an interest in any division of the property of the estate. Because the § 341 Meeting of Creditors has not been conducted yet, the Court believes the [First Stay] Motion to be premature … .

The Court expressly authorized Debtor to renew her request for relief from stay after the § 341 Meeting of Creditors. Debtor did so.

On March 10, 2016, Debtor filed her *Renewed Motion for Relief from Stay* (Chapter 13 Case Docket No. 33) (the "Second Stay Motion"). The Second Stay Motion recited that the trustee conducted the § 341 Meeting of Creditors on February 25, 2016. Once again, Debtor asked that the stay be lifted to allow the State Court to enter a "final judgment" in the Divorce Proceeding. On March 28, 2016, the Court granted the Second Stay Motion (Chapter 13 Case Docket No. 37). That order expressly provided that the limited stay of Bankruptcy Code § 362 was lifted to allow the Divorce Proceeding "to proceed to final judgment".[1]

On or around December 29, 2016, the State Court entered its *Findings of Facts, Conclusions of Law, and Decree of Dissolution of Marriage* (the "Divorce Decree").[2] Among other things, the Divorce Decree terminated the marriage of Debtor and Former Husband and

---

[1] Curiously, on June 5, 2018, Defendants filed a further motion for relief from stay (Chapter 13 Case Docket No. 109) (the "Defendants' Stay Motion"). The Court has not ruled on such motion as Defendants have not tendered a proposed order for the Court's consideration.

[2] An apparent true and accurate copy of the Divorce Decree is attached as Exhibit A to the Motion.

ordered a division of the property of the former married couple. As part of the division of the marital estate, the Divorce Decree ordered that (1) "[Former} Husband shall receive $65,873.99 from [Debtor's] Valic 403(b) account" (*see* Divorce Decree, Conclusions of Law, ¶ 7.e at p. 7); and (2) "[Former] Husband's counsel shall prepare a Qualified Domestic Relations Order ("QDRO") or similar order to transfer the sum of $65,873.99 from [Debtor's] Valic 403(b) account to [Former] Husband" (*see* Divorce Decree, Conclusions of Law, ¶ 12.b at p. 9).

In the Chapter 13 Case, Debtor listed Former Husband as a creditor in Schedule E/F with respect to the claims of Former Husband arising from the Divorce Decree. Neither of the Defendants filed a proof of claim in the Chapter 13 Case. Debtor's Plan was confirmed on August 18, 2016. The Plan makes no specific provision for payment of any amount to either of the Defendants. On February 21, 2018, Former Husband (or his counsel) tendered to the State Court a QDRO by which funds were to be transferred from Debtor's Valic 403(b)[3] account (the "Retirement Account").[4] The State Court approved and entered the QDRO, thereby approving and allowing for the transfer of funds from the Retirement Account.

*Reasoning*

The general issue raised by the Motion is whether either of the Defendants, Former Husband and/or his counsel in the Divorce Proceeding, violated Bankruptcy Code § 1327 by tendering the QDRO to the State Court. Because the stay of Bankruptcy Code § 362 was lifted to allow the Divorce Proceeding to proceed to final judgment, as a matter of law, actions by Defendants pursuant to the Divorce Decree to transfer funds from the Retirement Account

---

[3]    Although the Complaint refers to Debtor's teacher Retirement Account as established under a "401(k) plan", the Retirement Account is actually established and funded pursuant to § 403(b) of the Internal Revenue Code as a defined contribution plan for an employee of a public school, not pursuant to § 401(k) of the Internal Revenue Code.

[4]    In Defendants' Stay Motion, Defendants allege that when the QDRO was submitted to the Retirement Account administrator, Defendants learned that there was no money in the Retirement Account.

cannot constitute a violation of Bankruptcy Code § 1327.  The amount of money in the Retirement Account that the State Court awarded to Former Husband as his separate property (*see* Divorce Decree, Conclusions of Law, ¶ 7.e, p. 7) was not property of Debtor's bankruptcy estate as of the date on which Defendants took the actions that form the bases of Debtor's claims.

By the Second Stay Motion, Debtor asked the Court to lift the stay to allow the State Court to enter a final judgment in the Divorce Proceeding.  In *Brown v. Pitzer*, 249 B.R. 303, 309 (S.D. Ind. 2000), Judge Barker explained:

> Indiana has long-recognized that marriage dissolution contemplates a final separation of the parties and a final division of their property, with "[a]ll questions regarding the adjudication of marital property rights [] put to rest by the divorce decree."  *See Kelsey v. Kelsey*, 714 N.E.2d 187, 193 (Ind. Ct. App. 1999).

By granting Debtor's Second Stay Motion, the Court authorized the State Court to finally effect a separation of the marital estate and, among other things, to order the transfer to Debtor's Former Husband of property that might otherwise be property of the Chapter 13 Case estate.  The order granting the Second Stay Motion caused the Divorce Decree to be just as effective with regard to the division of the marital estate as the Divorce Decree would have been had it been entered before the Petition Date.  Therefore, actions by either of the Defendants to transfer those funds from the Retirement Account to Former Husband cannot violate Bankruptcy Code § 1327.  *See Brown*, 249 B.R. at 309-10.

*Conclusion*

Based upon the record before the Court and for the reasons set forth above, the Court GRANTS the Motion and will enter judgment in favor of Defendants and against Debtor contemporaneously herewith.

IT IS SO ORDERED.

# # #